IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Filiberto Campos, ) | Case No.: 8:24-cv-03510-JD-WSB |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER AND OPINION** |
| Warden Shane Jackson, ) | |
| ) | |
| Respondent. ) | |
| ) | |

This matter is before the Court on the Report and Recommendation ("Report") of United States Magistrate Judge William S. Brown (DE 36) issued under 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) of the District of South Carolina. The Report addresses Respondent Warden Shane Jackson's ("Respondent" or "Jackson") Return and Motion for Summary Judgment (DE 23, DE 24), seeking to dismiss Petitioner Filiberto Campos's ("Petitioner" or "Campos") habeas petition brought under 28 U.S.C. § 2254 (DE 1).[1]

**A. Background**

The Report accurately outlines the relevant facts and legal standards, which the Court incorporates herein by reference. A brief summary is provided for context.

Petitioner Filiberto Campos, incarcerated at Lee Correctional Institution in South Carolina, seeks habeas corpus relief under 28 U.S.C. § 2254. (DE 1 at 1.) On

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

May 5, 2014, a Lexington County Grand Jury indicted Campos for homicide by child abuse. (DE 23-3 at 377–78.) He proceeded to trial in June 2015 before Judge Thomas A. Russo, represented by Aimee Zmroczek, and was convicted and sentenced to life imprisonment. (DE 23-1 at 3; DE 23-3 at 379.)

On direct appeal, Campos, represented by David Alexander, argued that under Rule 403, the trial court erred in admitting highly prejudicial photographs of the infant victim's corpse, which caused strong emotional reactions. (DE 23-3 at 239, 242.) The South Carolina Court of Appeals affirmed the conviction, finding the probative value of the photographs outweighed any unfair prejudice, and issued its remittitur on March 28, 2018. (DE 23-3 at 287–88, 292.)

On December 3, 2018, Campos filed a *pro se* post-conviction relief (PCR) application, alleging ineffective assistance of trial counsel under the Sixth and Fourteenth Amendments, specifically for failing to request jury charges on involuntary manslaughter and accident. (DE 23-3 at 296.) On August 20, 2021, with counsel, he filed an amended PCR application expanding on these grounds. (DE 23-3 at 313.) A hearing was held before Judge R. Lawton McIntosh on December 13, 2021, and the PCR court dismissed the application on May 9, 2022, concluding Campos failed to establish any constitutional deprivation, as involuntary manslaughter is not a lesser-included offense of homicide by child abuse, and no evidence supported an accident charge. (DE 23-3 at 315, 351–52, 372–74.)

On December 14, 2022, Campos, represented by Susan Hackett, filed a *Johnson* petition for a writ of certiorari with the South Carolina Supreme Court,

raising the issue of trial counsel's failure to request an accident instruction. (DE 23-5 at 1, 3.) That same day, counsel filed a petition to be relieved, asserting the appeal lacked legal merit. (DE 23-5 at 18.) The appeal was transferred to the South Carolina Court of Appeals, which denied certiorari and granted counsel's motion to be relieved on May 17, 2024, with remittitur issued on June 12, 2024. (DE 23-7; DE 23-8; DE 23-9.)

Campos filed his present federal habeas petition on June 13, 2024, asserting three grounds: (1) ineffective assistance of counsel for failure to request jury charges, (2) trial court error in admitting prejudicial photographs, and (3) a *Jackson v. Virginia* sufficiency-of-the-evidence challenge. (DE 1 at 5, 7–8.)

### B. Report and Recommendation

On February 28, 2025, the Magistrate Judge recommended granting Respondent's motion for summary judgment and denying Petitioner's habeas petition in its entirety. (DE 36 at 18.) Regarding Ground One, the Report found that Campos's ineffective assistance of counsel claim—based on trial counsel's failure to request jury charges on involuntary manslaughter and accident—failed as a matter of law because South Carolina precedent holds that involuntary manslaughter is not a lesser-included offense of homicide by child abuse, and there was no evidentiary basis in the trial record to warrant an accident charge. (DE 36 at 10–12.) The Report further concluded that the PCR court reasonably applied the *Strickland* standard and that Petitioner had not demonstrated the state court's decision was contrary to, or an unreasonable application of, clearly established federal law. (DE 36 at 12.)

As to Ground Two, the Report determined that Campos's challenge to the admission of prejudicial photographs fails because evidentiary rulings under state law are not generally cognizable on federal habeas review absent an extreme error that denies a constitutionally fair proceeding, which Campos has not shown. (DE 36 at 13–14.) The Report explained that the state courts' assessment under Rule 403 of the South Carolina Rules of Evidence was not erroneous and that the photographs were highly probative and introduced in an objective manner. (DE 36 at 14–15.)

For Ground Three, the Report found that Campos's bare citation to *Jackson v. Virginia*, without supporting facts or argument, is insufficient to establish a constitutional claim under federal habeas standards. (DE 36 at 17.) Moreover, any such sufficiency-of-the-evidence claim would be procedurally barred because it was not raised on direct appeal. (DE 36 at 17–18.)

Accordingly, the Report concluded that none of Campos's asserted grounds warrant relief. (DE 36 at 18.) Petitioner sought leave for an extension to file an objection, which this Court granted. (DE 41.) Petitioner objected to the Report on April 30, 2025. (DE 44.)

**C. Legal Standard**

To be actionable, objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule,

explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (2005) (citing *Thomas v. Arn*, 474 U.S. 140, 147 (1985) (emphasis added)). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

### D. Petitioner's Objections

**1. Petitioner raises three principal objections to the Report denying his 28 U.S.C. § 2254 habeas petition.**

**a. Objection One: Lack of Deference to State Court Fact-Finding**

Campos argues that the Magistrate Judge erred by affording deference under § 2254(d) to the factual findings of the state PCR court, asserting that the PCR court merely adopted a proposed order drafted by the State without independently evaluating the evidence or credibility of witnesses, including his co-defendant. (DE 44 at 2–6.) He cites *Jefferson v. Upton*, 560 U.S. 284 (2010), to argue that when state court findings are wholesale adoptions of a party's submission, federal courts should not grant them the usual presumption of correctness. (DE 44 at 3–4.) He claims the state court's process was constitutionally deficient, failing to provide him with a full and fair hearing as required under *Townsend v. Sain*, 372 U.S. 293 (1963). (DE 44 at 5–6.)

### b. Objection Two: Application of Incorrect Legal Standard (*Strickland vs. Cronic*)

Campos contends that the Magistrate Judge applied the wrong legal framework by using the two-pronged *Strickland v. Washington*, 466 U.S. 668 (1984), standard instead of the presumption-of-prejudice standard under *United States v. Cronic*, 466 U.S. 648 (1984), because he was denied counsel at a critical stage of trial — specifically, during the charge conference, where he was not present. (DE 44 at 7–13.) He maintains that this absence constituted a structural error requiring automatic reversal without a showing of prejudice. (DE 44 at 9–11.) Campos further asserts that the court failed to place key rulings on the record and that the Magistrate Judge mischaracterized the issue as one of trial counsel's performance rather than denial of counsel at a critical stage. (DE 44 at 11–12.)

### c. Objection Three: Improper Jury Instructions and Prejudicial Evidence

Campos argues that the Magistrate Judge failed to address the deficiencies in the jury instructions, particularly the trial court's refusal to give an "extreme indifference" instruction and the overbroad application of South Carolina's homicide by child abuse statute. (DE 44 at 14–18.) He asserts that the statute, as applied, improperly broadened his liability by conflating failure to act with direct criminal conduct and that this, coupled with the use of highly prejudicial photographs, unfairly tipped the verdict against him. (DE 44 at 16–18.) He also renews his argument under Rule 404(b) that the photos' prejudicial effect outweighed their probative value. (DE 44 at 18–19.)

2. **The Court overrules these objections for these reasons:**

   a. **State Court Fact-Finding**

Campos's argument that the PCR court's adoption of the State's proposed order negates § 2254(d) deference is unpersuasive. (DE 44 at 4–6.) While *Jefferson v. Upton*, 560 U.S. at 294, recognizes that mechanical adoption of proposed findings may warrant closer scrutiny, federal habeas courts still apply a deferential standard unless the petitioner demonstrates that the state court's decision was contrary to, or an unreasonable application of, clearly established federal law or involved an unreasonable determination of facts. (DE 44 at 4–6.) Campos's general dissatisfaction with the PCR procedures, without concrete evidence undermining the factual determinations, does not meet the high threshold to overcome the presumption of correctness. (DE 44 at 5–6.)

   b. **On Application of *Strickland* vs. *Cronic***

The Magistrate Judge properly applied *Strickland*, not *Cronic*, because *Cronic* is reserved for rare circumstances where counsel is either entirely absent or fails to subject the prosecution's case to meaningful adversarial testing. (DE 44 at 7–12.) Here, Campos's counsel was present, made strategic decisions, and advocated on his behalf, even if not every motion succeeded. (DE 44 at 9–12.) Alleged errors in the charge conference do not rise to the level of a structural denial of counsel but are properly analyzed under *Strickland's* deficient performance and prejudice test. (DE 44 at 11–12.) The Magistrate Judge correctly evaluated the claim under the applicable framework. (DE 44 at 12–13.)

### c. On Jury Instructions and Prejudicial Evidence

Campos's arguments about jury instructions and the admission of graphic photographs fail to demonstrate constitutional error. (DE 44 at 14–19.) Federal habeas courts do not review state evidentiary or jury charge decisions unless they violate a specific constitutional right or render the trial fundamentally unfair, which has not been shown here. (DE 44 at 16–19.) The Magistrate Judge correctly concluded that the photographs were highly probative and not so prejudicial as to deny due process, and that the jury instructions, even if disputed, did not relieve the State of its burden of proof or otherwise rise to the level of constitutional violation. (DE 44 at 17–19.)

In sum, Petitioner's objections fail to identify any legal or factual error in the Magistrate Judge's analysis that would warrant rejecting the Report or disturbing the deferential review required under 28 U.S.C. § 2254.

### E. Conclusion

Accordingly, after a careful and thorough review of the Report and Recommendation and the entire record in this matter, the Court adopts the Report (DE 36) in its entirety and incorporates it herein by reference.

It is, therefore, **ORDERED** that Respondent's Motion for Summary Judgment (DE 24) is **GRANTED**, and Petitioner's § 2241 Petition (DE 1) is **DISMISSED**. Further, it is **ORDERED** that a certificate of appealability is denied because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**.

_Joseph Dawson, III_
Joseph Dawson, III
United States District Judge

Florence, South Carolina
May 29, 2025

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order within thirty (30) days from this date under Rules 3 and 4 of the Federal Rules of Appellate Procedure.